UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>IMPERIAL COUNTY SUPERIOR COURT,<br><br>　　　　　　　　　　Defendant. | Case No. 24-cv-01929-BAS-DDL<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS (ECF Nos. 4, 7); AND**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)** |

　　　　On October 15, 2024, Plaintiff Steven Wayne Bonilla ("Plaintiff"), proceeding *pro se* and currently incarcerated at California Medical Facility, filed a civil action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) On October 24, 2024, the Court dismissed the action because Plaintiff failed to satisfy the filing fee requirement. (ECF No. 2.) The Court further noted that it would be futile for Plaintiff to file a motion to proceed *in forma pauperis* ("IFP") because he has accumulated more the three "strikes" pursuant to 28 U.S.C. 1915(g). (*Id.* at 5–6.) Nonetheless, Plaintiff has now filed two IFP Motions (ECF Nos. 4, 7), two Requests for Judicial Notice (ECF Nos. 5, 8) and two Notices of Disqualification for Conflict of Interest (ECF Nos. 6, 9). For reasons discussed below, Plaintiff's IFP motions are denied,

his other requests and notices are denied as moot, and the case is dismissed.

## I. MOTIONS TO PROCEED IN FORMA PAUPERIS

As discussed in this Court's October 24, 2024 dismissal order, "[a]ll persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments for the suits or appeals they launch, *see Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (citing 28 U.S.C. § 1915(b)(1)–(2)), and *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the PLRA also amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This subdivision is commonly known as the "PLRA's 'three strikes' rule." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews v. King,* 398 F.3d 1113 1116 n.1 (9th Cir. 2005). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *id.*, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Based on the dockets of many court proceedings available on PACER,[1] this Court

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir.

finds that Plaintiff Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 12-0027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19)).

Having accumulated more than three strikes, Plaintiff is prohibited by Section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007) ("*Cervantes*") (noting Section 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). In addition to being "imminent," that danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Having reviewed Plaintiff's Complaint, the Court finds no "plausible allegations" to suggest that he "faced 'imminent danger of serious physical injury' at the time of filing."

---

2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

*Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).  Rather, Plaintiff alleges he has been imprisoned based on "fabricated false evidence."  (*See* ECF No. 1 at 2–3.)

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than the three "strikes" permitted by Section 1915(g), and he fails to make any plausible allegation that he faced imminent danger of serious physical injury at the time he filed this case, he cannot proceed IFP.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999).  When a prisoner "has accumulated three prior dismissals on statutorily enumerated grounds[,] . . . a court may not afford him *in forma pauperis* status with respect to his additional civil actions."  *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015).  Therefore, Plaintiff's IFP Motions are denied, and the case is dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court:

1. **DENIES** Plaintiff's IFP motions (ECF Nos. 4, 7) as barred by 28 U.S.C. 1915(g);

2. **DENIES** Plaintiff's requests for judicial notice and notices of disqualification (ECF Nos. 5, 6, 8, 9) as moot;

3. **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

4. **DIRECTS** the Clerk of the Court to reopen the case and issue an amended judgment, close the file upon issuance of the amended judgment, and **accept no further documents for filings**, except a timely Notice of Appeal, which this Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

**DATED: December 19, 2024**

*[signature: Cynthia Bashant]*

**Hon. Cynthia Bashant**
**United States District Judge**